## William Gruel v. August Mengler.

1. MALICIOUS PROSECUTION—*Advice of Counsel as a Defense.*—When a person justifies a prosecution as being upon the advice of counsel, it must appear that after stating the case fully to his counsel he commenced the prosecution upon such advice and not upon his own motion.

2. SAME—*Advice of Counsel a Question of Fact.*—The question as to whether a defendant in a suit for malicious prosecution instituted the prosecution complained of upon the advice of counsel, after a full and complete statement of the facts, is one of fact, to be determined by the jury from the evidence.

3. APPELLATE COURT PRACTICE—*Absence of an Ad Damnum.*—The point that the declaration contained no *ad damnum* can not be raised for the first time in the Appellate Court.

Trespass on the Case, for malicious prosecution. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

D. B. SHERWOOD, attorney for appellant.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case for malicious prosecution. There was a trial by jury and appellee recovered a verdict and judgment for $212.50.

It appears from the evidence that appellee was a tenant of appellant on a farm owned by the latter, under a lease running six years, at a rental of $1,200 per year.

Appellee made a chattel mortgage upon his stock, which appellant claimed was not executed in good faith, but the mortgagee proceeded to foreclose the same, and advertised the property for sale. Appellant then issued a distress warrant, although no rent was due. He failed to get possession of any property under the distress warrant and appellee kept on feeding to his stock the hay and grain raised on the farm. Under the advice of a lawyer, appellant had appellee arrested for larceny, and being taken before a justice of the peace in Cook county, upon a hearing appellee was discharged. Appellee thereupon brought this suit.

Under the evidence there was clearly no probable cause for the arrest, but it is insisted on behalf of appellant that the advice of the lawyer was a complete justification for the arrest and a full defense to this suit. On the other hand it is contended that the prosecution was not made in good faith, and that appellant did not make a full and complete statement of the facts to his attorney. There was some evidence from which the jury may have found that appellant was actuated by malice, and instituted the prosecution of his own motion and not by the advice of counsel. We can not say the verdict was not warranted by the evidence, nor can we say the damages are excessive. Some of the instructions given for appellee were faulty, but in view of the number and character of those given for appellant, they certainly could not have misled the jury.

As to the point that the declaration contained no *ad damnum*, we think it is too late to raise it for the first time in this court, even if true. But the declaration of two counts, as originally filed, laid the damage at $5,000. It is said in the abstract, as well as in argument of counsel for appellant, that as to these two counts a *nolle pros.* was entered, but we do not find in the record anything to verify the statement. If those counts still remained in the record the *ad damnum* was sufficiently laid.

Upon a consideration of the whole record we think justice has been done and the judgment will be affirmed. Judgment affirmed.